110 F.3d 68
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George R. IGNACIO, Administrator of the Estate of Jose A.
Ignacio, Deceased; For and on behalf of George R.
Ignacio and Minnie A. Ignacia, Parents
of Jose A. Ignacio, Deceased,
Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 96-15509.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 14, 1997.*
Decided March 20, 1997.
 
 Before: ALARCN, BEEZER and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Ignacio, on behalf of the estate of his son, Jose Ignacio, appeals the grant of summary judgment in favor of the United States on Ignacio's wrongful death claim under the Federal Tort Claims Act ("FTCA"). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Ignacio contends that the district court erred by granting summary judgment. The district court held that Ignacio's suit was time barred because he failed to present his claim to the appropriate agency within two years of the accrual of the claim. 28 U.S.C. § 2401(b). We review the grant of summary judgment de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1994). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law. Id. We review the district court's factual findings for clear error. Simmons v. United States, 805 F.2d 1363, 1366 (9th Cir.1986).
 
 II
 
 4
 Jose Ignacio was stabbed by an acquaintance on the Tohono O'Odham Indian reservation in Arizona on April 8, 1989. George Ignacio accompanied his son to the Sells Indian Hospital, left when he felt Jose's condition had stabilized, and then returned shortly thereafter. When Mr. Ignacio returned to the hospital, he noticed that a medical helicopter had arrived and was waiting at the hospital. He was later informed that the helicopter was to transport his son for treatment at a more advanced medical facility. Jose died prior to being airlifted.
 
 
 5
 From medical records, George Ignacio later determined that there was a delay of approximately fifty minutes between Jose's arrival at the hospital and the hospital's call for the helicopter. Mr. Ignacio contends that this delay constitutes negligence. The district court granted summary judgment to the government on the grounds that the suit was not timely because the claim accrued on the date of Jose Ignacio's death, April 8, 1989 and Ignacio did not file a claim until August 5, 1991. Ignacio contends that the claim did not accrue until he learned of the hospital's delay in calling for the helicopter, approximately one year after Jose's death.
 
 
 6
 The statute of limitations for medical malpractice claims brought under the FTCA begins to run when the plaintiff has knowledge of both the injury and the cause. Kubrick v. United States, 444 U.S. 111, 122 (1979). Accrual does not "await awareness by the plaintiff that his injury was negligently inflicted." Id. at 123. This is essentially an inquiry notice rule. When the plaintiff has sufficient information to begin asking questions, the claim accrues for the purposes of § 2401(b).
 
 
 7
 The Kubrick rule has been further refined for cases involving failure to warn, diagnose, or treat. In such cases, we have held that a claim accrues under the FTCA when the plaintiff knows or should have known about the development of a pre-existing condition into a more serious medical problem. See Augustine v. United States, 704 F.2d 1074, 1078 (9th Cir.1983).
 
 
 8
 Mr. Ignacio argues that his claim is analogous to a failure to treat claim, and that he did not know or have reason to know of the government's contribution to his son's death until he received the medical records. The record clearly establishes, however, that Ignacio possessed sufficient information on April 8, 1989 to commence an investigation into his son's death. Ignacio stated in a deposition that he requested medical records shortly after his son's death because he was concerned about the hospital's failure to transport Jose in the helicopter. He had the "factual predicate" for a claim on April 8, 1989 because he suspected that there was a problem with the delay of the helicopter. Although he did not know that fifty minutes elapsed between his son's arrival at the hospital and the hospital's call for the helicopter, Ignacio did know that the helicopter failed to leave the hospital in time to transport his son to a hospital with more advanced facilities.
 
 
 9
 Ignacio cites a number of cases in which the statute of limitations does not begin to run until the plaintiff has knowledge of the wrongdoing by the doctor or hospital. See e.g., Raddatz v. United States, 750 F.2d 791 (9th Cir.1984); Augustine, 704 F.2d 1074. In these cases, however, the plaintiffs had no reason to suspect wrongdoing and were reassured by their doctors that nothing was wrong. In Augustine v. United States, the treating physician failed to diagnose a bump in the plaintiff's mouth as cancerous. 704 F.2d at 1076. Prior to conferring with another doctor, the plaintiff did not know and had no reason to know of the injury that developed from this failure to diagnose. Likewise in Raddatz v. United States, the plaintiff had no way of knowing that the more serious condition that developed after the insertion of an IUD was out of the ordinary. She was, in fact, assured that her condition was normal. 750 F.2d at 796.
 
 
 10
 Mr. Ignacio, on the other hand, had reason to suspect, and did, in fact, suspect that the delay of the helicopter was problematic. Under the Kubrick standard, this is sufficient for the claim to accrue. Herrera-Diaz v. Department of the Navy, 845 F.2d 1534, 1537 (9th Cir.1988).
 
 
 11
 Ignacio further contends that the statute of limitations should be tolled because of the government's delay in supplying medical records. We will toll the FTCA's statute of limitations if the plaintiff presents evidence of fraudulent concealment or misrepresentation on the part of the government. Id. at 1537-38. The plaintiff has proffered no such evidence here. Because Ignacio did not file a claim within the two year statute of limitations, his claim is time barred. The district court properly granted summary judgment.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3